J-S16029-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CINDY LATHROP | : | |
| | : | |
| Appellant | : | No. 944 WDA 2025 |

Appeal from the Judgment of Sentence Entered July 1, 2025
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000112-2024

BEFORE:  LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY BOWES, J.:　　　　　　　**FILED:  July 29, 2026**

Cindy Lathrop appeals from the judgment of sentence of seven months to three years of incarceration imposed after the trial court found that she violated her probation.  As Appellant's sentence runs afoul of 42 Pa.C.S. § 9771, we vacate and remand.

In light of our disposition, a truncated recitation of the history of this case will suffice.  In 2024, Appellant entered into a negotiated guilty plea to fraud in the procurement of food stamps in exchange for two years of probation.  A few months later, the Jefferson County Adult Probation Department ("Probation Department") reported that Appellant violated her probation by failing to report and neglecting to inform the department that she had moved out of her residence.  She admitted to those violations and

waived her **Gagnon I** and **II** hearings.[1]  The court ordered Appellant to spend fourteen days in jail if she submitted a suitable housing plan.  If she failed to complete that task, Appellant was to be incarcerated until she did so.  All other terms of her probation were to remain in effect.  Appellant was released from prison a few days thereafter and continued to serve her previously imposed period of probation.

The Probation Department issued a detainer for Appellant on June 10, 2025, stating that she committed three additional violations of her probation.  Specifically, Appellant had tested positive for methamphetamine, failed to report, and fell behind on her payment plan.  She waived a **Gagnon I** hearing, and in anticipation of a **Gagnon II** hearing, the court ordered a presentence investigation ("PSI") report.  The court held the **Gagnon II** hearing on July

_____

[1] This Court has explained:

> In **Gagnon v. Scarpelli**, 411 U.S. 778 (1973), the United States Supreme Court held that a defendant accused of violating the terms of his probation is entitled to two hearings prior to formal revocation and re-sentencing.
>
> When a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a **Gagnon I** hearing, that probable cause exists to believe that a violation has been committed.  Where a finding of probable cause is made, a second, more comprehensive hearing, a **Gagnon II** hearing, is required before a final revocation decision can be made.

**Commonwealth v. Heilman**, 876 A.2d 1021, 1026 (Pa.Super. 2005) (cleaned up).

1, 2025, wherein Appellant admitted to the violations. The court received arguments from Appellant's counsel and the Probation Department regarding whether revocation was warranted, and, if so, the length of Appellant's incarceration upon resentencing. The department also indicated that it considered this to be Appellant's second violation of probation. **See** N.T. Gagnon Hearing, 7/1/25, at 3. The court revoked Appellant's probation. After confirming that it had reviewed Appellant's PSI report and considered the nature of her offenses, it resentenced her to seven months to three years in prison.[2]

Appellant did not file a post-sentence motion, but timely appealed. The conditions of Pa.R.A.P. 1925 have been met. Appellant presents the following issue:

---

[2] The court apparently deemed Appellant's three infractions to be a second technical violation based upon the department's representation at the **Gagnon II** hearing. **See also** Appellant's brief at 13 (describing this as her second violation). The court's reductive treatment of Appellant's multiple infractions is consistent with our holding in **Commonwealth v. Goodwin**, 355 A.3d 445 (Pa.Super. 2026). This Court currently is revisiting the principle outlined in **Goodwin**, having recently certified **Commonwealth v. Ruedas**, 2075-77 EDA 2024, and **Commonwealth v. Butler**, 300 EDA 2025, for *en banc* consideration concerning whether "multiple technical-violations of probation addressed at a single revocation hearing constitute separate technical violations, barring exception under subsection 9771(c)(1)(F), or only a single technical violation for purposes of revocation sentencing under subsection 9771(c)(2)[.]" Orders, 2075-77 EDA 2024, 300 EDA 2025, 5/29/26. Regardless of whether multiple infractions are treated as one or more violations of probation, Appellant would be entitled to relief where, as explained *infra*, the trial court failed to consider whether incarceration was justified pursuant to § 9771(c)(1).

- 3 -

> Did the trial court abuse its discretion in sentencing [Appellant] to an aggregate period of incarceration of seven months to three years by failing to adequately consider the age, family history, education, employment history, remorse, and especially the cooperation of [Appellant], such that the record shows that the sentence was manifestly unreasonable and a result of partiality, prejudice, bias, or ill will towards [Appellant].

Appellant's brief at 6 (unnecessary capitalization and parenthetical numerals omitted).[3]

Appellant challenges the discretionary aspects of her sentence. For this Court to address the merits of a discretionary sentencing claim, we first assess whether the appellant has timely filed a notice of appeal, preserved the issue in a timely post-sentence motion, included a Pa.R.A.P. 2119(f) statement in her brief, and presented a substantial question that the appealed-from sentence violates the Sentencing Code. *See Commonwealth v. Blango*, 327 A.3d 670, 678 (Pa.Super. 2024). As Appellant neglected to raise the instant claim in a post-sentence motion, it is waived. *Id*.

That does not end our analysis, however, as a simple review of the record reveals that the trial court imposed a sentence that fails to abide by the requirements of § 9771, rendering it an illegal sentence. This Court has explained that the failure "to adhere to [§] 9771(c) when resentencing a probationer to a period of total confinement implicates the legality of the

---

[3] We note with extreme displeasure that the Commonwealth did not file a brief, especially where, as mentioned, the trial court issued a sentence that is in clear violation of § 9771.

sentence[.]" ***Commonwealth v. Seals***, 353 A.3d 747, 763 (Pa.Super. 2026). Where "no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." ***Commonwealth v. Whalley***, 326 A.3d 948, 950 (Pa.Super. 2024) (cleaned up). Importantly, "challenges to an illegal sentence can never be waived and may be reviewed *sua sponte* by this Court." ***Id***. (cleaned up).

At the time the trial court revoked Appellant's probation and resentenced her, § 9771 provided, in pertinent part, as follows:

> **(b) Revocation.--**The court may increase the conditions, impose a brief sanction under section 9771.1 (relating to court-imposed sanctions for violating probation) or revoke an order of probation upon proof of the violation of specified conditions of the probation. Subject to the limitations of subsections (b.1) and (c), upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation. The attorney for the Commonwealth may file notice at any time prior to resentencing of the Commonwealth's intention to proceed under an applicable provision of law requiring a mandatory minimum sentence.
>
> . . . .
>
> **(c) Limitation on sentence of total confinement.--**There is a presumption against total confinement for technical violations of probation. The following shall apply:
>
> > (1) The court may impose a sentence of total confinement upon revocation only if:
> >
> > > (i) the defendant has been convicted of another crime;
> > >
> > > (ii) the court finds by clear and convincing evidence that the defendant committed a technical violation that involves an identifiable threat to public safety and

the defendant cannot be safely diverted from total confinement through less restrictive means; or

(iii) the court finds by a preponderance of the evidence that the defendant committed a technical violation and any of the following apply:

(A) The technical violation was sexual in nature.

(B) The technical violation involved assaultive behavior or included a credible threat to cause bodily injury to another, including acts committed against a family or household member.

(C) The technical violation involved possession or control of a firearm or dangerous weapon.

(D) The technical violation involved the manufacture, sale, delivery or possession with the intent to manufacture, sell or deliver, a controlled substance or other drug regulated under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act.

(E) The defendant absconded and cannot be safely diverted from total confinement through less restrictive means.

(F) The technical violation involved an intentional and unexcused failure to adhere to recommended programming or conditions on three or more separate occasions and the defendant cannot be safely diverted from total confinement through less restrictive means. For purposes of this clause, multiple technical violations stemming from the same episode of events shall not constitute separate technical violations.

(2) If a court imposes a sentence of total confinement following a revocation, the basis of which is for one or more technical violations under paragraph (1)(ii) or (iii), the court

shall consider the employment status of the defendant. The defendant shall be sentenced as follows:

(i) For a first technical violation, a maximum period of [fourteen] days.

(ii) For a second technical violation, a maximum period of [thirty] days.

(iii) For a third or subsequent technical violation, the court may impose any sentencing alternatives available at the time of initial sentencing.

(iv) The time limitations contained in this paragraph shall not apply to the extent that a reasonable term of additional total confinement, not to exceed [thirty] days, is necessary to allow a defendant to either be evaluated for or to participate in:

(A) a court-ordered drug, alcohol or mental health treatment program; or

(B) a problem-solving court provided for in [§] 916 (relating to problem-solving courts).

42 Pa.C.S. § 9771 (footnote omitted, effective June 11, 2024, to October 19, 2025).[4]

We have explained that § 9771(c) "sets forth two analytical components: subsection (c)(1), which contains the prerequisites to imposing a sentence of total confinement, and subsection (c)(2), which prescribes the time limitations upon such sentences." ***Commonwealth v. Potoczny***, ___ A.3d ___, 2026 WL 1102873 at *5 (Pa.Super. Apr. 23, 2026) (citation

---

[4] The statute was amended in 2025 to rename "problem-solving court" in § 9771(c)(2)(iv)(B) to "treatment court[.]"

omitted). Thus, § 9771(c)(1) outlines the criteria "that unlock the trial court's authority to impose a sentence of incarceration." *Id*. at *6 (cleaned up).

In the matter *sub judice*, the trial court revoked Appellant's probation and resentenced her to seven months to three years in prison. The record fails to demonstrate that the court determined that a term of confinement was warranted pursuant to § 9771(c)(1). At the resentencing hearing, the court merely stated that it had considered Appellant's PSI report and the nature of her violations, and concluded that she was "not amendable [*sic*] to [c]ounty [p]robation." N.T. Gagnon Hearing, 7/1/25, at 5. In its Rule 1925(a) opinion, the court only discussed the circumstances it weighed in crafting Appellant's sentence. *See* Trial Court Opinion, 11/19/25, at 1. Without any indication that the court considered § 9771(c)(1), a sentence of total confinement for a technical violation was unlawful. *See Potoczny*, 2026 WL 1102873, at *8-10 (vacating Potoczny's judgment of sentence and remanding for resentencing where the trial court revoked his probation and resentenced him to a term of incarceration pursuant to § 9771(c)(1)(iii)(F) but failed to analyze whether Potoczny could have been "safely diverted from total confinement through less restrictive means" and the record was "devoid of evidence upon which the court could have made such a finding" (cleaned up)).

Since the trial court failed to justify total confinement pursuant to § 9771(c)(1), we vacate Appellant's judgment of sentence and remand for resentencing. *Id*. Specifically, upon remittal of the record, the court must impose a sentence that follows the requirements of § 9771.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 7/29/2026